UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ERROL IRVING,

                Plaintiff,

         - against -

CITY OF NEW YORK, *et al.*,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
13-CV-1072 (PKC) (LB)

**PAMELA K. CHEN**, United States District Judge:

      Plaintiff Erroll Irving ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights when they arrested him on February 5, 2011, and then prosecuted him for murder. (Compl., Dkt. 2, at ECF 2–3.[1]) Plaintiff seeks leave to amend his Complaint, and Defendants seek leave to renew their motion for summary judgment. For the reasons stated below, Plaintiff's request for leave to amend his Complaint is denied, and the Court *sue sponte* dismisses Plaintiff's remaining claims as futile.

## BACKGROUND

      Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights when they arrested him on February 5, 2011, and then prosecuted him for murder. (Compl., Dkt. 2, at ECF 2–3.) On October 11, 2012, Plaintiff was convicted after trial of murder in the second degree by the New York State Supreme Court, Kings County. (Cert. of Disposition, Dkt. 80-4, at ECF 2.) On August 5, 2014, the parties in this case "entered into a settlement agreement" that "dismissed all claims against [D]efendants except for Irving's false arrest and malicious prosecution claims." (Mot. to Reinstate Stay Mem. & Order, Dkt. 88, at 4.) On July 15, 2015, the Appellate Division reversed the Supreme Court

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination

judgment and ordered a new trial. *People v. Irving*, 15 N.Y.S.3d 62 (App. Div. 2015). On June 20, 2017, Plaintiff was convicted after trial of manslaughter in the first degree. (Crim. Disposition Info., Dkt. 80-6, at ECF 2.) On June 22, 2021, this case was stayed pending Plaintiff's appeal of his manslaughter conviction. (Mot. to Reinstate Stay Mem. & Order, Dkt. 88, at 9.) On November 1, 2024, Plaintiff informed the Court that the Court of Appeals had denied him leave to appeal, and requested leave to amend his Complaint in this case. (Pl.'s 11/1/2024 Status Report, Dkt. 103.)

In requesting leave to amend, Plaintiff stated that he was "awaiting documentation of [Freedom of Information Act ("FOIL")] requested information to completely exhaust state remedies." (*Id.* at ECF 2.) But Plaintiff also enclosed a July 15, 2024, letter from his counsel in the state court appellate proceedings stating that "all of [his] New York State remedies are now exhausted," indicating that the information requested via FOIL could not be used to assist Plaintiff in further exhausting state remedies. (*Id.* at ECF 4.) Still, the Court lifted the stay and ordered Plaintiff to explain "(1) how and why he plans to amend the pleadings in this case; and (2) why he should be permitted to do so at this late date, *i.e.*, after the close of discovery and Defendants' filing of a summary judgment motion." (11/13/2024 Docket Order.) The Court further stated that, "[t]o the extent that Plaintiff plans to amend based on the anticipated receipt of information requested via FOIL, he should identify what information he anticipates receiving and how, if at all, that may impact his pleadings." (*Id.*) The Court received Plaintiff's response, dated November 21, 2024, on December 6, 2024, (Pl.'s 11/21/2024 Letter, Dkt. 104), and Defendants filed a letter in opposition on February 3, 2025, (Defs.' Letter, Dkt. 106).

Plaintiff stated in his response that he "plans to amend the pleadings in this case based on the anticipated receipt of information requested via FOIL, such as police's notes of interview[s] with" family members of Shayne Sinclair, whom Plaintiff fatally stabbed, and "family member statements which [Plaintiff] anticipates will impact his pleadings." (Pl.'s 11/21/2024 Letter, Dkt. 104, at 2; Mot. to Reinstate Stay Mem. & Order, Dkt. 88, at 1.) The majority of Plaintiff's response was dedicated to allegations constituting an ineffective assistance of counsel claim. (*See generally* Pl.'s 11/21/2024 Letter, Dkt. 104.) Defendants argue that leave to amend should be denied because any potential amendment would be futile given Plaintiff's conviction after retrial and because they "would be prejudiced by an amendment at this juncture of the litigation." (Defs.' Letter, Dkt. 106, at 3.) Defendants also seek leave to renew their motion for summary judgment. (*Id.*)

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs whether the Court will grant Plaintiff leave to amend the pleadings because this Court has not "issue[d] a scheduling order setting a date after which no amendment will be permitted." *See Sacerdote v. New York University*, 9 F.4th 95, 115 (2d. Cir. 2021) ("The period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted."). Courts may properly deny leave to amend when there is evidence of "undue delay, bad faith, dilatory motive, [or] futility." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).

"In the case of a *pro se* complaint, a court must construe the complaint liberally, and should not dismiss it without granting the plaintiff leave to amend 'at least once when a liberal

3

reading of the complaint gives any indication that a valid claim might be stated.'" *Peterec-Tolino v. New York*, 364 F. App'x 708, 710 (2d Cir. 2010) (summary order) (internal citation omitted) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (explaining that submissions of *pro se* litigants must be construed liberally and interpreted "to raise the strongest arguments that they suggest" (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006))). Still, district courts have "both the authority and the obligation to dismiss *sua sponte*"—meaning, on their own accord—a *pro se* case "brought under § 1983 where the *pro se* complaint fails to state a claim upon which relief can be granted." *Dash v. Mayers*, No. 19-CV-0414 (GBD) (JLC), 2020 WL 1946303, at *7 (S.D.N.Y. Apr. 23, 2020) (citations omitted), *R&R adopted*, 2020 WL 3057133 (S.D.N.Y. June 9, 2020). *See also Liner v. Goord*, 196 F.3d 132, 134 n.1 (2d Cir. 1999) (explaining that the Prison Litigation Reform Act permits *sua sponte* dismissal of prisoner complaints that fail to state actionable claims); *Peterec-Tolino*, 364 F. App'x at 711 (explaining that a "district court did not abuse its discretion in dismissing [a *pro se* case] *sua sponte* without leave to amend" when "[a]ny amendment would be futile").

## DISCUSSION

Plaintiff's first remaining claim is for false arrest. (Mot. to Reinstate Stay Mem. & Order, Dkt. 88, at 4.) "Under New York law, the existence of probable cause is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). Probable cause to arrest generally "exist[s] when the [arresting] officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a

crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). One instance in which probable cause for an arrest definitively exists is when the person arrested is later validly convicted. *Behlin v. Rite Aid Pharm. Store*, No. 18-CV-4335 (KPF), 2022 WL 220017, at *7 (S.D.N.Y. Jan. 25, 2022) (quoting *Vallen v. Connelly*, 36 F. App'x 29, 31 (2d Cir. 2002) (summary order)). Here, Plaintiff was convicted for manslaughter in the first degree, and the Court of Appeals denied him leave to appeal that conviction. (Crim. Disposition Info., Dkt. 80-6, at ECF 2; Pl.'s 11/1/2024 Status Report, Dkt. 103.) Plaintiff therefore has been validly convicted following his arrest, which means that there was probable cause for that arrest. *Behlin*, 2022 WL 220017, at *7. This probable cause provides a complete defense to Plaintiff's false arrest claim. *Jaegly*, 439 F.3d at 152. Plaintiff's response letter does not explain how any of the FOIL information he has requested would or could alter this outcome. (*See generally* Pl.'s 11/21/2024 Letter, Dkt. 104.) Therefore, any amendment to the pleadings for this claim would be futile.

Plaintiff's second remaining claim is for malicious prosecution. (Mot. to Reinstate Stay Mem. & Order, Dkt. 88, at 4.) As with false arrest claims, "under no circumstances" can a plaintiff bringing a claim of malicious prosecution "recover if he was convicted of the offense for which he was arrested." *Kennedy v. City of New York*, No. 12-CV-4166 (KPF), 2015 WL 6442237, at *12 (S.D.N.Y. Oct. 23, 2015) (quoting *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986)). Plaintiff's response letter again does not explain how any of the information he has requested via FOIL would or could alter this outcome. (*See generally* Pl.'s 11/21/2024 Letter, Dkt. 104.) Any amendment to the pleadings for Plaintiff's malicious prosecution claim, too, would therefore be futile.

In sum, because Plaintiff's manslaughter conviction raises a complete defense to his only remaining claims of false arrest and malicious prosecution, any amendment to his pleadings would be futile. Accordingly, the Court denies Plaintiff's request for leave to amend the pleadings. *Loreley Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 190. In the interest of preserving the parties' resources, the Court also declines to solicit Defendants' summary judgment briefing, which is wholly unnecessary, and instead *sua sponte* dismisses this case without leave to amend. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000); *Peterec-Tolino*, 364 F. App'x at 711.

Lastly, Plaintiff appears to indicate in his letter response that he might wish to bring an ineffective assistance of counsel claim. (*See generally* Pl.'s 11/21/2024 Letter, Dkt. 104.) Such a claim is better suited for a possible petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court notes that Plaintiff reportedly was advised by his counsel in the state court appellate proceedings that his deadline to file a petition for a writ of habeas corpus is October 9, 2025. (*Id.* at ECF 3.)

\*   \*   \*

## CONCLUSION

Plaintiff's claims are dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment, close this case, mail a copy of this Order to Plaintiff, and note the mailing on the docket.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 27, 2025
Brooklyn, New York